UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**FRANCISCO CORTEZ-MENDEZ,**

    **Plaintiff,**

 v.                                                                       **Case No. 24-CV-044**

**CO MREOZINSKI, SGT. CARRON,
CO RATAJCZAK, and CO KUNESH,**

    **Defendants.**

---

### ORDER

---

On January 10, 2024, plaintiff Francisco Cortez-Mendez, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. (ECF No. 1.) Cortez-Mendez also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Cortez-Mendez was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the

balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 31, 2024, the court ordered that Cortez-Mendez pay an initial partial filing fee in the amount of $70.43 by March 1, 2024. (ECF No. 6.) On February 8, 2024, Cortez-Mendez paid the fee. Accordingly, the court grants Cortez-Mendez's motion for leave to proceed without prepaying the filing fee. He must pay the remaining balance of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Cortez-Mendez's Allegations*

Cortez-Mendez alleges that on December 27, 2023, defendants C.O. Mreozinski and Sgt. Carron gave him the wrong medication during evening medication pass. (ECF No. 1 at 2.) Realizing her mistake, C.O. Mreozinski told Cortez-Mendez to go to room 140 in the Manitowoc County Jail. (*Id.*) Cortez-Mendez waited in room 140 for 20 minutes, and then was told by defendant C.O. Ratajczak to return back to the third floor. (*Id.*) C.O. Mreozinski told Cortez-Mendez that the medicine she mistakenly gave him was "to relax his bones" and that he would be "fine." (*Id.* 2-3.)

Two hours later, Cortez-Mendez used the emergency call button and talked to defendant C.O. Kunesh, telling him that his heart was racing, he had a headache, and

3

he could not fall asleep. (ECF No. 1 at 3.) C.O. Kunesh told Cortez-Mendez that there was nothing he could do. (*Id.*) On January 3, 2024, Cortez-Mendez states he was medically cleared after being given the wrong medication. (*Id.*)

*Analysis*

Cortez-Mendez potentially alleges a viable claim, but he does not allege what harm he suffered as a result of the missed medication. It is also not clear if receiving the wrong medication was an isolated incident. The Seventh Circuit Court of Appeals has emphasized that the district court generally must afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Cortez-Mendez may file an amended complaint by **April 5, 2024.** In his amended complaint Cortez-Mendez should clarify the harm he suffered and state whether receiving the wrong medication was an isolated incident.

Cortez-Mendez is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on Cortez-Mendez's failure to state a claim in his original amended complaint. The court will enclose an amended complaint form along with this decision. Cortez-Mendez must use the form. If he needs more space, he may attach up to five additional pages.

4

## CONCLUSION

**IT IS THEREFORE ORDERED** that Cortez-Mendez's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDRED** that on or before **April 5, 2024**, Cortez-Mendez may file an amended complaint. If the court does not receive an amended complaint by the deadline, the court will dismiss this action based on the amended complaint's failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of Cortez-Mendez shall collect from his institution trust account the $279.57 balance of the filing fee by collecting monthly payments from Cortez-Mendez's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Cortez-Mendez is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Cortez-Mendez is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution,

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Cortez-Mendez is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Cortez-Mendez is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Cortez-Mendez's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Cortez-Mendez may find useful in prosecuting his case.

---

Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated in Milwaukee, Wisconsin this 11th day of March, 2024.

BY THE COURT

*William E. Duffin*
WILLIAM E. DUFFIN
United States Magistrate Judge