UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANCISCO CORTEZ-MENDEZ

    Plaintiff,

v.                                                                         Case No. 24-CV-044

CO MREOZINSKI, SGT. CARRON,
CO RATAJCZAK, and CO KUNESH,

    Defendants.

## DECISION AND ORDER

On January 10, 2024, plaintiff Francisco Cortez-Mendez, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. (ECF No. 1.) On March 11, 2024, the court screened Cortez-Mendez's complaint and found that he failed to state a claim upon which relief may be granted. (ECF No. 7.) However, the court gave Cortez-Mendez an opportunity to amend his complaint. On March 28, 2024, Cortez-Mendez filed an amended complaint. This order screens the amended complaint.

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly reassigned to a U.S. District Court Judge for the limited purpose of screening the complaint.

# SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state

2

law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Cortez-Mendez's Allegations*

Cortez-Mendez alleges that on December 27, 2023, defendant C.O. Mreozinski gave him the wrong medication during evening medication pass. (ECF No. 10 at 3.) Realizing her mistake, C.O. Mreozinski told Cortez-Mendez to go to room 140 in the Manitowoc County Jail. (*Id.*) Cortez-Mendez waited in room 140 for 20 minutes, and then was told by defendant C.O. Ratajczak to return back to the third floor. (*Id.*) C.O. Mreozinski told Cortez-Mendez that the medicine she mistakenly gave him was "to relax his bones" and that he would be "fine". (*Id.*)

Two hours later, Cortez-Mendez used the emergency call button and talked to defendant C.O. Kunesh, telling him that his heart was racing, he had a headache, and he could not fall asleep. (ECF No. 10 at 4.) C.O. Kunesh told Cortez-Mendez that there was nothing he could do because there was not a nurse on duty given it was so late at night. (*Id.*) On January 3, 2024, Cortez-Mendez states he was medically cleared after being given the wrong medication. (*Id.*)

As a result of this incident, Cortez-Mendez states that he has headaches and a sleeping issue, which he now has to take medication for. (ECF No. 10 at 4.) He also

3

states that on two other separate occasions, staff tried to give him the wrong medication, but he "prevented history from repeating itself." (*Id.*)

*Analysis*

Cortez-Mendez claims that the defendants violated his constitutional rights when they either gave him the wrong medication or failed to address the fact that he was given the wrong medication. The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Such conditions include "grossly inadequate medical care." *Id.* "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

"For a prison official's acts or omissions to constitute deliberate indifference, a plaintiff does not need to show that the official intended harm or believed that harm would occur. But showing mere negligence is not enough." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). "Even objective recklessness—failing to act in the face of an unjustifiably high risk that is so obvious that it *should* be known—is insufficient to make out a claim." *Id.* (emphasis in original).

Here, the defendants' actions, at most, amount to negligence. Indeed, district courts in the Seventh Circuit have repeatedly found that a prisoner receiving the

4

wrong medication on a single occasion amounts at most to negligence and fails to state a constitutional claim. *See Robbsin v. Pollard*, Case No. 16-C-1128, 2016 WL 8672956 at *2 (E.D. Wis. Nov. 18, 2016) (quoting *Morrison v. Utz*, Case No. 11-C-4110, 2012 WL 293548 at *2 (C.D. Ill. Jan 31, 2012)). (While "[a]dministering the wrong medication may well pose a substantial risk of harm depending on the circumstances . . . .. 'One isolated mistake does not allow a plausible inference of deliberate indifference.'") *See also, Ehrenburg v. Wis. Dept. of Corr.*, Case No. 10-C-1022, 2010 WL 5089484 (E.D. Wis. Dec. 7, 2010); *Davis v. Baker*, Case No. 08-C-1310, 2010 WL 779502 (S.D. Ind. Feb. 26, 2010); *Kirkwood v. Sirin*, Case No. 06-C-139, 2006 WL 587698 (E.D. Wis. Mar. 9, 2006). Cortez-Mendez asserts that he ingested the wrong medication on only one occasion because the other two times he did not let history repeat itself. Also, he does not allege that the incident was anything more than a mistake. As such, Cortez-Mendez fails to state a constitutional claim.

## CONCLUSION

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this

court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin on April 25, 2024.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge